## LUMLEY v. BACKUS MANUF'G CO.

(Circuit Court of Appeals, Second Circuit. April 7, 1896.)

NEGLIGENCE—FORMATION OF ICE ON SIDEWALK.

In an action for personal injuries, alleged to have been caused by the defendant's negligently permitting ice to form and remain on the sidewalk, in front of premises in the city of New York, on which the plaintiff, who was defendant's tenant, slipped and fell, it appeared that whatever ice formed at the place in question had formed less than an hour and a half before the accident, and there was nothing to show that, before its formation, there was anything dangerous or requiring attention at such place. *Held* that, in view of this showing and the known variability of the winter climate in New York City, there was no sufficient evidence of negligence to justify a verdict against the defendant.

In Error to the Circuit Court of the United States for the Southern District of New York.

This case comes here on a writ of error to review a judgment of the circuit court, Southern district of New York, in favor of defendant in error, who was defendant below. The action was to recover damages for personal injuries caused, as plaintiff claimed, by defendant's negligence. At the close of plaintiff's case, the court directed a verdict for the defendant.

Wm. D. Tyndall, for plaintiff in error.

Jesse Stearns, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

LACOMBE, Circuit Judge. The defendant, a Pennsylvania corporation, was the lessee of premises No. 130, on the south side of West Thirty-Fourth street, in the city of New York; and plaintiff occupied a portion of said premises, as tenant of the defendant, under a sublease. The negligence averred in the complaint was that on "March 1, 1893, defendant, by its servants, employés, and agents, permitted the entrance and approach and passage to said premises to be covered with water, which quickly froze, and thereby coated the flagging, steps, and premises of defendant with ice, making the said flagging, steps, and premises very unsafe, dangerous, and unfit for their proper and reasonable use by the plaintiff." It was further averred that "defendant, by its said servants, agents, and employés, well knew the said dangerous condition of the flagging, steps, entrance, and premises, and took no measures to warn the plaintiff of its condition."

The proof showed that it snowed the night before March 1, 1893, and that prior to that the weather was icy. Plaintiff's son testified that he went out of the house to get his breakfast at about 9:30 a. m., and that at that time there was snow and ice on the steps, which had accumulated there the previous night, making it necessary for him to be careful, and pick his way along down the steps. On his return from breakfast, he saw a colored boy, who was employed about the house, engaged in cleaning them. The boy had a pail of hot water and a broom. He was dashing the water on the steps, and then scrubbing with the broom, to get the snow and ice off. How

long he was engaged in this work witness did not know. When witness saw him, the boy was standing on the top step. Witness passed him, and went into the house. Subsequently, and about 12 o'clock noon, the witness again left the house. At that time the steps were all washed off, and witness did not testify to observing anything dangerous upon them or in their vicinity at that time. He returned to the house about 1:30 p. m., in company with his mother and sister. At that time there was ice on the sidewalk in front of the steps, on the stone right in front of the bottom step, and between the two posts at the foot of the railings of the stoop. Witness testified that he did not think this ice extended over the sidewalk as far as the gutter, but covered the stone in front and "a little over in the court" or area way, which, according to the diagram in evidence, is separated from the sidewalk by a low curb, surmounted by a railing. The sister slipped on this ice, and fell. She testified that she had been out of the house to breakfast, and again a second time, but was not asked as to the condition of affairs on those two occasions. She testified that when she fell, which was on her return with her brother and mother, the ice on which she slipped was in the middle of the flagging as she was starting up the steps, and that the whole flagging adjoining the steps was covered with ice. This was shortly before her father's accident. The plaintiff testified that he left the house in the forenoon, and that the ice was not there then. He returned about 1:30 p. m. He was walking along close in to the railings, so as to avoid any ice if it was possible; and, when he came close to the house, he "came to the posts at the foot of the railings"; and as he "came around the post, and was just going up the steps," his foot slipped from under him, and he fell. What he slipped upon was a sheet of ice which covered the stone which is on a level with the sidewalk, running between the two posts. That individual stone, which was about 6x3 feet, was covered with ice, but he did not notice ice particularly on any other stones there. There was no proof as to the temperature at any time that day, except that it is manifest that at some time prior to the accident it was below the freezing point at the place in question. This is substantially all the testimony in the case.

It is manifest that whatever ice formed in front of the steps had so formed less than 1½ hours before plaintiff fell, and there is nothing to show that, before its formation, there was anything dangerous in or requiring attention in the approach to the premises. We concur with the trial judge in the conclusion that there is no sufficient evidence of negligence on the part of defendant in keeping the approach to its premises reasonably safe. The winter climate here is characterized by sudden and violent changes of temperature. In this city, in the winter season, it is not uncommon to see snow behind an area railing melting under the direct rays of the sun, while at the same time the water that flows from it over so much of the sidewalk as lies in the shadow is freezing hard. It would on such a day be impossible for any one to keep the level surface of the sidewalk and the approaches to the steps of a stoop at all times free from ice, without remaining continuously on the watch; and certain-

ly no such obligation rests upon the householder, whatever may be his obligations when some dangerous obstruction has continued long enough to charge him with notice of its existence.    The plaintiff, therefore, failed to make out the negligence charged in his complaint.

It was suggested here (whether the point was made below or not does not appear) that the defendant was responsible for the presence of the ice, on the theory that it was formed from the water which the boy used in washing off the steps.    But the proof is not sufficient to sustain such a finding.    There is nothing to show that any depression of the stone or imperfection of the sidewalk prevented water from running off it in the ordinary way, into the gutter, or called for any peculiar or unusually careful management in cleaning the stoop.

The judgment of the circuit court is affirmed.